No. 05-434

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 156N

_____

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

GARY SWENSON, JR.,

       Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Seventh Judicial District,
                    In and for the County of Richland, Cause No. DC-96-005
                    The Honorable Katherine Irigoin, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              Lyle R. Panasuk, Attorney at Law, Sidney, Montana

       For Respondent:

              Hon. Mike McGrath, Attorney General; Ilka Becker, Assistant Attorney
              General, Helena, Montana

              Mike Weber, Richland County Attorney, Sidney, Montana

_____

Submitted on Briefs:  June 14, 2006

Decided:  July 12, 2006

Filed:

              _____
                            Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), of the Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Gary Swenson, Jr., appeals from an order of the Seventh Judicial District Court, Richland County, denying his motion for transfer of jurisdiction to Youth Court.  We affirm.

¶3      In 1996, Swenson was charged with felony assault and two counts of sexual intercourse without consent.  The case was initially charged in Youth Court, but was transferred to District Court following a hearing on January 17, 1996.  Notice of this hearing was served upon Swenson, his mother, and his attorney.  Thereafter, Swenson pled guilty to the charges and was committed to the Department of Corrections, for fifteen years, with seven years suspended.

¶4      In February 2005, Swenson claimed that the District Court had no jurisdiction over this matter because his father was not given notice of the transfer hearing, as required by § 41-5-206(1)(c), MCA.  He moved that his commitment be vacated and jurisdiction be transferred back to the Youth Court.  The District Court denied the motion.  Swenson appeals.

¶5      We have determined to decide this case according to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for

memorandum opinions.

¶6      Prior to a hearing for transfer of jurisdiction, § 41-5-206(1)(c), MCA (1991), requires that:

> notice in writing of the time, place, and purpose of the hearing is given to the youth, his counsel, and his parents, guardian, or custodian at least 10 days before the hearing[.]

¶7      Swenson argues that under a plain reading of the statute, the plural articulation of "parents" must be interpreted as requiring that both parents receive notice of the hearing. However, we do not find this argument persuasive.

¶8      It is undisputed that notice was given to Swenson's mother.  The record indicates that his mother was in fact his custodial parent at that time, as evidenced by his parents' divorce decree.  Thus, the notice requirement, as stated in § 41-5-206(1)(c), MCA (1991), was met in this case, as sufficient notice of the hearing was provided to Swenson, his counsel, and his custodial parent.

¶9      Affirmed.

                                        /S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER